The Western Union Telegraph Co. *v.* Hamilton.

---

# THE WESTERN UNION TELEGRAPH COMPANY *v.* HAMILTON.

TELEGRAPH COMPANY.—*Penal Statute.*—*Construction.*—The act to regulate electric telegraph companies (1 G. & H. 611) is a penal statute, and must be construed strictly, but this rule does not warrant a construction which would, in many cases, defeat the operation of the law.

SAME.—*Penalty.*—In an action against a telegraph company to recover the statutory penalty for failure to transmit a message from an office in this State to an office in another state, the fact that the act of negligence which prevented the message from reaching its destination occurred out of this State will not defeat a recovery.

From the Tippecanoe Common Pleas.

*J. A. Stein, J. E. McDonald,* and *J. M. Butler,* for appellant.

*R. P. Davidson,* for appellee.

DOWNEY, J.—The appellee sued the appellant to recover the penalty of one hundred dollars provided for in the first section of the act " to regulate electric telegraph companies," 1 G. & H. 611.

The complaint was originally in two paragraphs; the first counting on the penalty, the second on special damages. But the second paragraph was subsequently withdrawn, and the case proceeded on the issues formed on the first.

The first paragraph charges, in substance, that the defendant on March 31st, 1870, was an electric telegraph company, duly organized as a corporation, and engaged, under the laws of Indiana, in the business of transmitting telegraphic messages for hire; that she had an operating office at Stockwell, Indiana, and another at Fairbury, Illinois, connected by her wires; that on said day the plaintiff delivered at the Stockwell office for transmission to Fairbury the following message, duly prepaid :

"STOCKWELL, March 31st, 1870.

"Dr. M. L. Hamilton, Fairbury, Illinois: George died at five o'clock this afternoon. Funeral to-morrow at five o'clock.               N. W. HAMILTON."

It was further alleged, that the party to whom the message was addressed resided in Fairbury, within less than a mile of the defendant's office; and that the defendant wholly failed to transmit said message, whereby it became liable to the plaintiff in the sum of one hundred dollars, "as penal damages provided and fixed by statute."

A demurrer filed to the above paragraph was overruled by the court, and an exception was taken.

The company then answered as follows: " For answer to the first paragraph of said plaintiff's amended complaint, said defendant saith, that she admits that she is an incorporated company, as charged, and that on the 31st of March, 1870,

she owned a telegraphic line reaching from Stockwell, in said county, to Fairbury, Illinois; that on said day she received from said plaintiff the despatch set forth in said first paragraph of complaint, and undertook to transmit the same to the said Dr. M. L. Hamilton, at Fairbury, and that said despatch never reached Fairbury, nor was delivered to the said Dr. M. L. Hamilton. But she saith that the said telegraphic line proceeded from said Stockwell to Fairbury by way of Chicago, in the State of Illinois, and that, in transmitting messages from Stockwell to Fairbury, the regular and only proper method was to send such message to Chicago, and at that city have it repeated by the defendant's operator there to Fairbury. She avers that said plaintiff's message was transmitted promptly, on its receipt by the defendant, from Stockwell to the defendant's office at Chicago, where it was received immediately, and that, through the neglect or oversight of her operator at Chicago, it was never repeated at said office in Chicago to Fairbury; wherefore she says, that the neglect to transmit occurred in the State of Illinois, and that she is not liable to the statutory penalty of one hundred dollars sued for by the plaintiff in said first paragraph of his complaint."

To this answer the appellee filed a demurrer, which was sustained. The company declined to answer over, and judgment was rendered for the statutory penalty of one hundred dollars in favor of the plaintiff.

The errors assigned are the overruling of the demurrer to the first paragraph of the complaint, and the sustaining of that to the answer.

The sections of the statute on which the action is brought are as follows:

" Sec. 1. That every electric telegraph company, with a line of wires wholly or partly in this State, and engaged in telegraphing for the public, shall, during the usual office hours, receive despatches, whether from other telegraphic lines or from individuals; and, on payment or tender of the usual charge, according to the regulations of such company, shall transmit the same with impartiality and good faith, and in the

order of time in which they are received, under penalty, in case of failure to transmit, or if postponed out of such order, of one hundred dollars, to be recovered by the person whose despatch is neglected or postponed; provided, however, that arrangements may be made with the publishers of newspapers for the transmission of intelligence of general and public interest, out of its order, and that communications for and from offices of justice shall take precedence of all others.

" Sec. 2. Telegraph companies shall be liable for special damages occasioned by failure or negligence of their operators or servants, in receiving, copying, transmitting or delivering despatches; or for the disclosure of the contents of any private despatch to any person other than to him to whom it was addressed or his agent.

" Sec. 3. Such companies shall deliver all despatches, by a messenger, to the persons to whom the same are addressed, or to their agents, on payment of any charges due for the same; provided, such person or agents reside within one mile of the telegraphic station, or within the city or town in which such station is." 1 G. & H. 611, 612.

No objection to the complaint is urged by counsel for appellant in his brief. Indeed, counsel expressly waive the first assignment of error, and rest the fate of the case exclusively on the second.

The position of counsel with reference to the second alleged error is, in substance, as contained in the answer. It is urged, that as the statute creating the liability is a penal statute, it must be construed strictly. We recognize the rule. But it does not warrant a construction which would defeat entirely the operation of the law in very many cases.

It is claimed, that as the act of negligence, which prevented the message from reaching its destination, occurred out of the State, the company is not liable to the penalty. This position, we think, is untenable. The first section of the statute expressly mentions and applies to companies with a line of wires partly in the State, as well as companies with a line of wires wholly in the State. The object of the legislature in

imposing the penalty was, no doubt, to enforce the performance, by the company, of the obligations which it takes upon itself by contract, or which the law imposes. It is entirely proper that the company should be held responsible according to the law of the place where the contract is made and the obligation assumed, without reference to the place where the despatch gets off the line. The company undertook to transmit the despatch to Fairbury. How it was to get to that place the party sending may have had no knowledge. This was a matter to which the company must look. The law does not impose the penalty because the company had an office at Chicago, at which the message was to be taken off one of the lines of the company and forwarded by another, nor because, by the negligence of an operator or agent of the company at that office, the message was "never repeated" at said office. But the penalty is imposed, because the company undertook to transmit the despatch from the office at which it was received to the party to whom it was sent at the end of the route, and violated that contract. It is wholly immaterial where the act or omission occurred, whether at the office where it was received, at some intermediate point, or at the office to which it was sent. The contract cannot in such case be said to have been violated at one place any more than at another. It is violated everywhere, because it is performed nowhere.

The case under consideration is a good illustration of the reason for the enactment of the law imposing a penalty in such cases. There is, in this case, a confessed violation of the contract made by the company to transmit the despatch, and yet, if an action should be brought against the company for the recovery of "special damages" given by the second section, how could they be estimated, and what would be their measure? What damages shall be awarded to a relative or a friend for being deprived of the melancholy privilege of attending the funeral of his relative or friend? Suppose the despatch had been an invitation to a marriage, to a family reunion, or with reference to any other matter where special damages could not be shown, what substantial remedy

can the party have, unless it be the recovery of the penalty? By giving the penalty, the law enforces the contract or duty of the company.

The position insisted upon by counsel for appellant would require us to hold that in every case where the despatch is to be transmitted to a point out of the State, the party whose despatch is not sent or not delivered, the act constituting the default occurring out of the State, has no other remedy than the very uncertain and unsatisfactory one of suing for special damages. We do not think the statute should be so construed, and are, therefore, of the opinion that there was no error in sustaining the demurrer to the answer.

The judgment is affirmed, with costs.

ON PETITION FOR A REHEARING.

DOWNEY, J.—A petition for a rehearing is presented in this case, in which the ground of the application is stated as follows: " Your petitioner respectfully asks a rehearing of said above entitled cause, for the reason that said opinion is, as your petitioner believes, founded upon erroneous conclusions of law."

According to the rule as laid down, in disposing of the petition for a rehearing, in *Goodwin* v. *Goodwin*, 48 Ind. 584, this petition is insufficient to present any question to the court. The petition is therefore overruled.