Reed *v*. Kalfsbeck *et al.*

---

REED *v*. KALFSBECK ET AL..

[No. 17,893.    Filed Dec. 1, 1896.    Rehearing denied Feb. 26, 1897.]

JUDICIAL SALES.—*Drainage Assessment.—Foreclosure of Drainage Lien.—Action to Quiet Title From Sale.—Statutes Construed.—Jurisdiction.*—The owner of real estate which has been sold under foreclosure of a drainage assessment lien, wherein the real owner was not made a party to such proceedings but an alleged owner as shown by the tax duplicate, cannot maintain an action cutting off the lien created by such proceedings in favor of the purchaser at such sale and quieting his title to the real estate so sold under act of 1883 (Acts 1883, p. 173), which provides that a drainage petition shall be sufficient to give the court jurisdiction of the lands described therein if they are described as belonging to the person who appears to be the owner according to the last tax duplicate or record of transfer kept by the auditor of the county where the same is situated. *pp. 152–154.*

Reed *v.* Kalfsbeck *et al.*

SAME.—*Invalid Sale.—Right of Subrogation.*—A purchaser at a sheriff's sale, under a foreclosure of a drainage assessment which by reason of irregularities in the proceedings no title passed to him, is entitled to be subrogated to the lien of the state to the extent of the amount paid at the sheriff's sale. *pp. 154, 155.*

PRACTICE.—*Action to Quiet Title to Real Estate.—Defense.*—In an action to quiet title to real estate it does not devolve upon a defendant claiming title, to file a cross-complaint asking affirmative relief but he may, under the general denial, introduce any facts upon the trial which will tend to defeat the plaintiff in obtaining a decree quieting his title to the land in question. *pp. 155, 156.*

TENDER.—*Quieting Title to Real Estate.*—Where a party seeks to quiet his title to real estate against one holding and asserting a valid lien he cannot do so unless he pays or tenders the payment of the lien.

APPEAL AND ERROR.—*Petition for Rehearing.*—It is the office of a petition for a rehearing to point out wherein the court erred in the result reached upon the original hearing. *p. 157.*

From the White Circuit Court. *Affirmed.*

*A. W. Reynolds* and *A. K. Sills,* for appellant.

*C. C. Spencer, R. J. Million* and *R. P. Davidson,* for appellee.

JORDAN, C. J.—Appellant instituted this action to quiet his title to certain real estate situated in White county, Indiana. He alleged in his complaint that he was the owner in fee simple of the lands described, and that the defendant's claim of title was "unfounded" and a cloud upon his title, and he demanded that his title be quieted, and that appellee's claim be adjudged null and void. Appellees answered the complaint by a general denial, and under the issues thus joined, a trial was had, and there was a special finding of facts, and as a conclusion of law the court found that appellant was not entitled to have the title of the real estate in dispute quieted against appellee, and rendered judgment accordingly. The error assigned

by appellant in this court is based upon the court's conclusion upon the special finding. The facts in this case apparently show a chain of title to the land in controversy to Adaline Clark, William Wilie, and Colin M. Reed; that before the commencement of this action these parties died leaving the appellant and certain other persons as their heirs at law, and in 1895 these other heirs conveyed their interest to appellant. In June, 1875, one Fuller conveyed these lands to one Bushnell, but Fuller, in 1859, had conveyed the same real estate to John L. King, a remote grantor of appellant, and this latter deed was recorded in 1860, consequently Fuller's deed conveyed no title or interest to Bushnell. In November, 1877, Bushnell attempted by deed to convey the lands to William Turpie, and subsequently in 1879, the latter attempted to convey them to Alexander S. Brown. This deed to Brown was recorded November 8, 1879. For the years of 1882, 1883, and 1884, the real estate in question was, according to the tax duplicate in the office of the county auditor, assessed for taxation in the name of Alexander S. Brown, and from said duplicate he appeared to be the owner thereof, during the aforesaid mentioned years. In 1863 the remote grantors of appellant, then owners of the land, quit paying taxes thereon and took no action concerning the same until a short time before the beginning of this action. On September 3, 1884, one David Byroad, the owner of lands which would be benefited by drainage, but which could not be accomplished in the best and cheapest manner without affecting other real estate, applied to the circuit court of White county for the construction of a public ditch, or drain, under the statutes then in force. Such proceedings were had in accordance with said statutes, that on September 30, 1884, the White Circuit Court referred By-

road's petition to the commissioners of drainage. These commissioners made their report to the court on November 29, 1884, but upon a hearing of objections upon the part of certain land owners, this report was referred back to the commissioners, who subsequently, on May 8, 1885, made another report. In this report the commissioners assessed benefits to several tracts of land in the name of Alexander S. Brown, and among the same was the tract in controversy, upon which the benefits were assessed by reason of said drainage at $75.00. After making this report on May 26, 1885, the court made an order approving the benefits mentioned in the report, and ordered that the ditch be established. These proceedings appear to be substantially in compliance with the statute relative to drainage of lands. On September 6, 1886, the commissioners of drainage, in the name of the State of Indiana, commenced an action in the White Circuit Court against Alexander Brown to enforce the collection of the seventy-five dollars so assessed as benefits against the land in dispute. Such proceedings were had in said action that the defendant, Brown, who it appears had been duly served with notice of said action, was defaulted and there was a finding by the court that there was due the State of Indaina for the use of the commissioner of drainage, the sum of seventy-five dollars upon said assessment, and the further sum of twelve dollars for attorney's fees, and that the same was a lien upon the real estate now in suit and the court ordered it to be sold in payment and satisfaction of this lien. Under and by virtue of this decree the sheriff of White county, after duly advertising the time and place of sale, sold said land on July 2, 1887, at public auction to one Jitce Kalfsbeck. for $25,00, and issued to him a certificate of purchase, which for a valuable consideration, he assigned and

Reed *v.* Kalfsbeck *et al.*

transferred to the appellee, Detz Kalfsbeck, and on September 2, 1895, the sheriff executed to the appellee a deed on said certificate for the lands in question, under which, prior to the commencement of this action, he took possession. Under these facts counsel for appellant insist that the latter is shown to be the owner in fee of the realty described in the complaint, and that his right to a decree quieting his title cannot be denied or defeated by any claim asserted by the appellee under the drainage proceedings. Appellant's contention specifically stated is that Brown was not the real owner of the land at the time he was made a defendant to the action to foreclose the ditch lien, hence the insistence is that as the true owner was not a party to the foreclosure suit, that the sale of the land by the sheriff under the decree is void, and that no title or interest passed by the sheriff's deed to the appellee.

Upon the part of appellee's counsel it is contended that the foreclosure proceedings were valid, and they further say that conceding that the sheriff's deed did not vest the title to the land in the appellee, still, a lien was created by the drainage proceedings, which was discharged at least in part by the amount bid and paid at the sheriff's sale by the purchaser, from whom appellee obtained the certificate of purchase, and this lien to the extent of the amount discharged by the sale inured to the benefit of appellee. That appellant is not entitled to cut off this lien by a decree quieting title without first paying or tendering the amount due to appellee. This we think is the controlling question to be considered in this appeal, and a determination thereof does not require us to decide as to the validity of the decree of foreclosure. The facts show that the land at the time Byroad petitioned the circuit court for the construction of the public ditch, appeared upon the tax duplicate in the name of Alexander S Brown.

This petition was filed under the amendatory act of 1883 (Acts 1883, p. 173). Section one of this act provides that "whenever any owner or owners of lands which would be benefited by drainage, which cannot be accomplished in the best and cheapest manner without affecting other lands, shall desire such drainage, he, she or they may apply for such drainage by petition to the circuit court or superior court of the county in which the lands of the petitioner or petitioners are situated. The petition shall describe in tracts of forty acres, according to fractions of government surveys, or less tracts,   *   *   *   which it is believed will be affected by the proposed drainage, and give the names of the owners thereof if known, and if unknown shall so state. Such petition shall be sufficient to give the court jurisdiction over the lands described therein, and power to fix a lien thereon if they are described as belonging to the person who appears to be the owner according to the last tax duplicate or record of transfer kept by the auditor of the county where the same is situate."

Section five provides that "the filing of the petition shall be deemed notice of the pendency of the proceedings to all persons whose lands are named in the petition, and the filing of the report of the commissioners locating the work and fixing the amount of the assessments, shall be deemed notice of the pendency of the proceedings to all persons whose lands are named therein, and not named in the original petition, and the amount of the assessments made or approved and confirmed by the court, shall be a lien upon the lands so assessed, from the time of filing the petition, except where lands are omitted in the petition and afterward assessed and reported by the commissioners, and, as to such lands, the assessment shall be a lien from the date of filing the report of commissioners."

It is shown by the express terms of the statute, from which we have quoted, that in order to give the court jurisdiction over the lands, and power to fix a lien thereon, that it is not required at all hazards to give the names of the actual owners thereof, but it will suffice "if they are described as belonging to the person who appears to be the owner, according to the last tax duplicate, or record of transfer." This provision seems to have been followed in the drainage proceedings involved in this cause, as the name of Alexander S. Brown, the apparent owner according to the tax duplicate was given, hence, it follows, we think, that the court had jurisdiction and power to fix a lien for the benefits assessed against the land. This principle was affirmed and adhered to, and the reasons sustaining it fully stated in *Kepler* v. *Wright*, 136 Ind. 77, and in *Carr* v. *State*, 103 Ind. 548. The real owner of lands who permits or suffers them to remain upon the tax duplicate or transfer records in the name of another can have no good grounds for complaint if the ditch petitioner describes such lands in the name of the person whom the tax duplicate indicates to be the owner.

We do not mean to say, however, that this will bar the actual owner upon seasonably applying to the court from being admitted to defend, as it is the policy of the law to permit the real party in interest to defend. *Bell* v. *Cox*, 122 Ind. 153. Upon the face of the facts as they appear in the special finding it is disclosed that a lien was fixed and attached to the land in dispute for the benefits assessed, and it does not appear that appellant or any one in his behalf has discharged the same, or has offered so to do. If no title passed to the appellee by the sheriff's deed for the reason as insisted by appellant that the forclosure and sale were invalid, nevertheless he would be, at least, entitled to be subrogated to the lien of the State to

the extent of the amount discharged by the money paid at the sheriff's sale. *Watkins* v. *Winings*, 102 Ind. 330; *Bodkin* v. *Merit*, 102 Ind. 293; *Short* v. *Sears*, 93 Ind. 505. No fact appears showing that the appellant at any time paid or offered to pay appellee the part due him upon the lien.

By his complaint the appellant alleged that he was the owner in fee and appellee's claim or interest which he asserted was unfounded. The latter was thereby challenged to bring forward and assert as a legal or equitable defense all claims, title, interest or liens of whatever character which he had and held, and in failing to do so, he would by a decree quieting appellant's title have been forever precluded from asserting the same. This is the firmly settled rule and has been approved and enforced many times by this court. The appellee seems to have responded to appellant's challenge and properly availed himself of a defense under his statutory denial in accordance with section 1055, R. S. 1881. Under his general denial he was authorized to introduce any facts upon the trial which according to the principles of equity, as applied by courts of chancery, would defeat the appellant in obtaining a decree quieting his title to the land in question. *East* v. *Peden*, 108 Ind. 92. If it appeared that appellee had any interest in the land, or existing lien, it could not be cut off by an action to quiet title. *Johnson* v. *Murray, Admr.*, 112 Ind. 154. Appellee was not compelled, as insisted by appellant, to become an actor by way of cross-complaint, asking affirmative relief, but he had the right, under his answer, to rely upon any equitable or legal defense to defeat the claim of his adversary. *East* v. *Penden, supra.*

As we have heretofore said, the inquiry need not be directed to the validity of the foreclosure proceedings, and the sale thereunder, for if we concede the invalid-

ity of these, the controlling question back of this arises, was the appellant entitled in this action to a judgment quieting his title, and thereby sweeping away the part of the State's lien satisfied by the proceeds of the sheriff's sale, without paying or tendering the amount due to the appellee thereon under his right to subrogation?

This question we are of the opinion must be answered in the negative. It would be unjust to permit the appellant to have a recovery quieting his title, and in this manner escape the payment in whole or in part of a valid lien existing against the realty. As the facts found show at least a substantial claim in favor of appellee, it cannot be cut off by a decree quieting title, unless it is shown that the appellant paid or tendered the amount due thereon. It is clear, we think, that there is no principle of law or equity that will sustain the contrary. While we do not deny that the court may in a proper case enter a qualified decree declaring the fee to be in the plaintiff, subject to the lien asserted by the defendant, yet it is a rule of general application that where one seeks to quiet his title against one holding and asserting a valid lien he cannot do so unless he pays or tenders the payment of the lien. This principle is supported by many decisions of this court. See Shannon v. Hay, 106 Ind. 589; Ragsdale v. Mitchell, 97 Ind. 458; Montgomery v. Wasem, 116 Ind. 343; Prezinger v. Harness, 114 Ind. 491; Jackson v. Smith, 120 Ind. 520; Bisel v. Tucker, 121 Ind. 249; Montgomery v. Trumbo, 126 Ind. 331; Schissel v. Dickson, 129 Ind. 139; Browning v. Smith, 139 Ind. 280.

It follows that under the facts the appellant was not entitled to a decree quieting title against appellee.

Judgment affirmed.

## ON PETITION FOR REHEARING.

PER CURIAM—Appellees have filed a motion to reject what purports to be a petition for a rehearing filed by the appellant in this cause, for the reason that it fails to conform to rule XXXVII, of this court, in not setting forth the cause for which the judgment of affirmance is supposed to be erroneous. The petition in question is nothing more than an argument, in support of the original contention of appellant and does not state any particular cause or errors by reason of which the decision of the court, as hertofore announced, is supposed to be erroneous.

It is the office of a petition for a rehearing to state or point out wherein the court erred in the result reached upon the original hearing.

The requirement of rule XXXVII conforms to good practice and should be strictly enforced. See *Goodwin* v. *Goodwin, Exr.*, 48 Ind. 584; *Western Union Tel. Co.* v. *Hamilton*, 50 Ind. 181; *Fertich* v. *Michener*, 111 Ind. 472 and 486; Elliott's App. Proced., sections 555 and 893. Parties and their counsel, in appeals to this court, are bound to keep in mind the rules which control the procedure therein, and are required to yield obedience and conform thereto. *Harness* v. *State, ex rel.*, 143 Ind. 420.

For the reasons stated, the petition is insufficient to present any question for review and is, therefore, overruled.