## Louisville, New Albany and Chicago Railway Company v. Carmon.

[No. 2,219. Filed Jan. 6, 1898. Rehearing denied June 17, 1898.]

SPECIAL VERDICT.—*Sufficiency.*—The special verdict must find in favor of the party having the burden of proof all the facts essential to a recovery. *p. 473.*

RAILROADS.—*Fires Escaping from Right of Way.—Damages.—Special Verdict.*—A special verdict in an action against a railroad company for damages on account of fire escaping from its right of way to plaintiff's premises must show the negligence of defendant, and that the injury sustained by plaintiff was without his fault or negligence, and it must also show what plaintiff did to prevent the injury. *p. 474.*

SAME.—*Fires Escaping from Right of Way.— Damages.— Special Verdict.—Interrogatories.—Passive Negligence.*—An interrogatory and answer in a special verdict in an action against a railroad company for damages on account of fire escaping from defendant's right of way to plaintiff's premises, "Did plaintiff do anything which in any way aided the spread of said fire from said right of way, or which in any way contributed toward the spread of said fire to his said lands? Ans. ͢ No.", shows that plaintiff did nothing contributing to his injury, but does not show that he did not omit to do something which he should have done to prevent the injury. *pp. 474-478.*

APPEAL AND ERROR.—*Rehearing.—Petition.*—A petition for a rehearing, and brief in support thereof may be presented together, but the particular points upon which the rehearing is asked must be stated in the petition. *pp. 479-482.*

From the Lake Circuit Court.    *Reversed.*

*E. C. Field, J. B. Peterson* and *W. S. Kinnan,* for appellant.

*Thad. S. Fancher,* for appellee.

WILEY, J.—Appellee was plaintiff below, and prosecuted this action against appellant for damages alleged to have been sustained by fire resulting from the alleged negligence of appellant. The complaint is in two paragraphs, but as no question is presented for our consideration as to the sufficiency of the complaint, it is unnecessary to set it out at length in this opinion. It is sufficient to say that the appellee was the owner of certain real estate situated in Lake county, Indiana, and near the appellant's track and right of way.

The negligence complained of in the first paragraph of the complaint is that appellant permitted dry grass, weeds, and other combustible matter to accumulate on its right of way, and that the same was negligently and carelessly set on fire by sparks and coals of fire from a passing locomotive, which fire, it is charged, the appellant suffered to escape from its right of way on to adjoining lands, and thence on to appellee's land, to his damage, etc.

The negligence complained of in the second paragraph of the complaint is, that in August, 1893, during a great drought, the appellant directed its servants and employes, to cut upon its right of way and near appellee's land, the weeds, grass, etc., growing thereon, and while the same were very dry, appellant directed its servants to set fire to such grass, weeds, etc., for the purpose of burning them up, and that it, through its servants, negligently permitted such fire to escape from its right of way on to adjoining lands,

and thence on to appellee's land, where his property was destroyed, to his injury, etc.

The sufficiency of the complaint was challenged by a demurrer, which was overruled, as is shown by the record, but the demurrer is not in the record, the clerk certifying that it is not upon the files in his office; but as appellant in its brief, raises no question as to the sufficiency of the complaint, it is thereby waived and we need not notice it further.

The case was put at issue by a general denial, trial by jury, a special verdict, and judgment thereon in favor of the appellee. The appellant moved for a *venire de novo*, for judgment in its favor on the special verdict, and for a new trial, each of which motions the court overruled, and appellant excepted.

The third specification of the assignment of error calls in question the overruling of appellant's motion for a *venire de novo*. The fourth, fifth and sixth specifications in the assignment of error are as follows: "(4) The court erred in overruling appellant's motion for judgment in its favor; (5) the court erred in rendering judgment in favor of the appellee; (6) the court erred in overruling appellant's motion for a new trial."

The special verdict consists of eighty-seven interrogatories and answers thereto. It is earnestly insisted by appellant that the special verdict is so defective, uncertain, and ambiguous, that no judgment could be rendered upon it, and hence it was error to overrule its motion for a *venire de novo*.

It is the settled law in this State that a special verdict must find and state all the facts essential to the party's recovery, having the burden of proof. *Indiana, etc., R. W. Co.* v. *Barnhart*, 115 Ind. 399; *Louisville, etc., R. W. Co.* v. *Berkey*, 136 Ind. 181; *Louisville, etc., R. W. Co.* v. *Miller*, 141 Ind. 533; *Pittsburgh, etc.,*

*R. W. Co.* v. *Adams*, 105 Ind. 151; *Conner* v. *Citizens' Street R. W. Co.*, 105 Ind. 62; *Wabash R. R. Co.* v. *Miller*, 18 Ind. App. 549. Thus, in a case of this character, the verdict must show the negligence charged against the appellant; that the injury sustained by the appellee was without his fault or negligence, and that it must also show, what if anything, appellee did to prevent the injury.

Appellant contends that the verdict does not find that the appellant was negligent as charged, and also fails to find that appellee was without fault on his part. While we do not decide the question, for it is unnecessary, we are inclined to the view that the verdict does find and show that appellant was guilty of actionable negligence. As to the want of negligence on the part of the appellee, we quote in full all the findings relative thereto as follows: "73. Did plaintiff do anything which in any way aided the spread of said fire from said right of way, or which in any way contributed toward the escape of said fire from defendant's right of way, or which in any way aided or contributed toward the spread of said fire to his said lands, or which in any way aided or contributed toward the burning of his said lands? Ans. No." "74. Was the plaintiff guilty of any negligence in the setting, or in the escape of said fire from defendant's right of way? Ans. No." "75. Was the plaintiff guilty of any negligence or carelessness in or about the burning by said fire of his said lands? Ans. No." "76. Is it not a fact that plaintiff was not guilty of any negligence or carelessness which in any way contributed to the escape of said fire or the spread thereof to his said lands or to the burning of his said lands, or to the damage which he suffered from said fire. Ans. No." (Rec. p. 34, 11.5 to 27.)

It is clear, under the authorities, that interroga-

tories 74 and 75, call for conclusions and not statements of facts, and that the answers thereto are conclusions of law. See *Wabash R. R. Co.* v. *Miller*, 18 Ind. App. 549, and authorities there cited. Number 76 may have been misunderstood by the jury, but it having been answered in the negative, it is directly against the appellee. This only leaves finding 73 to be considered.

Standing alone, we do not think it sufficiently shows that appellee was free from fault. The interrogatory contains four elements, all of which are negative: (a) Did plaintiff do anything which aided the spread of the fire from the right of way; or (b) which contributed to the escape of the fire; or (c) which aided or contributed toward the spread of the fire to his lands; or (d) which aided or contributed to the burning of his lands? The jury answered this interrogatory in the negative, and hence we cannot say that there is a clear and distinct finding that appellee did not do anything contributing to the injury of which he complains; but there is no finding that he did anything to prevent the injury, after the fire was carried to his premises, or that he omitted to do anything which contributed to his injury. In plainer words, it finds that appellee did not do anything contributing to his injury, but it does not find or show that he did not omit to do something which he ought to have done.

In *Galloway* v. *Chicago, etc., R. R. Co.*, 58 Am. and Eng. R. R. Cas. 251, it is said: "Negligence consists in doing something, or omitting to do something, which a person of ordinary prudence and care would not have done, or would not have omitted to do, under like or similar circumstances." There are two classes or kinds of negligence,—active and passive. A person is equally liable for doing a negligent act, which would be active negligence, or in omitting to do an act, which

would be passive negligence, where, by such omission, injury would follow. One person may do a negligent act which may result in injury, but if the injured party stand passively by, and let the act produce its natural effects, such injured party cannot recover, if he failed to do something which a reasonably prudent man, under like circumstances, would have done, or could have done, by the doing of which he could have averted the injury, or natural result of the negligent act.

Thus, one person may negligently set fire upon his own premises, and negligently permit it to escape to the adjoining premises of his neighbor; yet if such other party stand by and see the fire destroy his property, when he could do something, without hazard, to prevent the injury, he cannot recover. He thus becomes passively negligent in failing to do something which it was his duty to do. As was said in *Briant v. Detroit, etc., R. W. Co.*, 61 Am. and Eng. R. R. Cas. 523: "It is true that, if the fire had been started, and the plaintiff could have extinguished it, he would have been in fault in not doing so."

The burden rested upon the appellee to prove that his own negligence, be it either active or passive, did not contribute to his injury. And it is not sufficient that the verdict is silent and there is nothing therein even tending to show either contributory negligence or freedom therefrom. As was said in *Hinckley v. Cape Cod R. R. Co.*, 120 Mass. 275, and quoted approvingly by this court in the *City of Huntingburg v. First*, 15 Ind. App. 552: "Mere proof that the negligence of the defendant was a cause adequate to have produced the injury will not enable plaintiff to recover, as it does not necessarily give rise to the inference of due care upon his part, proof of which is essential in his case." In that case

gence of the defendant was sufficient to produce the injury complained of, yet it was still incumbent upon the plaintiff that the evidence show him free from fault. In the case under consideration it would be necessary for the appellee to prove and the verdict to find and state such facts. But the question we are now considering has been put at rest in this State, and there is now no longer any room for doubt or legitimate debate. The Supreme and this court have repeatedly held that in cases of this character, the special verdict must show what the plaintiff did, if anything, to prevent the injury, and if it fails to so show, the verdict is defective, and will not support a judgment.

The latest case, and in which the authorities are collected and cited, is that of the *Wabash R. R. Co.* v. *Miller, supra*. In that case the verdict was silent as to the negligence of the appellee, except that there was a finding that the injuries occurred without any fault or negligence on his part, which finding was held to be a conclusion of law and not a finding of a fact. The verdict was also silent as to what the appellee did or omitted to do, if anything, to prevent or avert the injury, except that there was a finding that appellee and members of his family made all reasonable efforts to subdue and extinguish the fire, and this finding was held to be a conclusion of law, and not the finding of a fact. Black, J., speaking for the court said: "When, in such a case, the property owner had notice of the fire endangering his property to the loss for which he sues, if he could have prevented the loss by reasonable effort, and did not make such effort, or unless any attempt he could make and did not make to save his property after he discovered its danger, would be useless or extraordinarily hazardous or difficult, he can not recover for such loss. If he fail to do his duty, then to the extent to which his loss is attributable to

such failure, he must bear it without compensation from the company. Where, as in this State, the burden rests upon the plaintiff to show his want of contributory negligence, it becomes necessary for him to show whether or not he or his servant in charge of the property had knowledge of the existence of the fire during its progress, and if it is not made to appear that such knowledge did not exist, then it devolves upon the plaintiff to show what efforts were made to save him from loss, and it is incumbent upon him to prove the use of efforts reasonable under the circumstances." *Bevier* v. *Delaware and Hudson Canal Co.,* 13 Hun, 254; *Hogle* v. *New York, etc., R. R. Co.,* 28 Hun, 363; *Eaton* v. *Oregon, etc., Navigation Co.,* 19 Or. 391, 24 Pac. 415; *Tilley* v. *St. Louis, etc., R. W. Co.,* 49 Ark. 535, 6 S. W. 8; *Louisville, etc., R. W. Co.* v. *Lockridge,* 93 Ind. 191; *Wabash, etc., R. W. Co.* v. *Johnson,* 96 Ind. 40; *Cleveland, etc., R. W. Co.* v. *Hadley,* 12 Ind. App. 516; *Tien* v. *Louisville, etc., R. W. Co.,* 15 Ind. App. 304; *Louisville, etc., R. W. Co.* v. *Porter,* 16 Ind. App. 266; *Chicago, etc., R. R. Co.* v. *Bailey,* 19 Ind. App. 163. See, also, *Louisville, etc., R. W. Co.* v. *Roberts,* 18 Ind. App. 538, and authorities there cited. Also *Cameron* v. *Oberlin,* 19 Ind. App. 142.

The verdict here fails to show whether or not appellee, his agents or servants were present at the fire, and if present, or had knowledge of it, what he or they did if anything, to prevent the injury. In this regard the special verdict was defective, and it was error to overrule appellant's motion for a *venire de novo.* The verdict failing to show all the essential facts entitling the appellee to a judgment, we might very properly direct judgment thereon in favor of appellant, but justice seems to demand a new trial. The judgment is therefore reversed, with directions to the court below

to sustain appellant's motion for a new trial, and for further proceedings not inconsistent with this opinion.

### ON PETITION FOR REHEARING.

WILEY, J.—Appellee has filed what purports to be a petition for a rehearing. The paper so filed is indorsed as follows: "Appellee's motion and brief for a rehearing." The paper filed, in our judgment, is nothing more than an additional argument on the merits of the case. The motion and brief are one and the same thing, and in the beginning it is said: "The appellee in the above entitled cause moves the court for a rehearing in said case, and in support thereof assigns the following reasons: We believe that the court committed an error in reversing the judgment of the lower court." This is the only reason assigned for a rehearing, and appellee's brief on the motion immediately follows. True, a petition for a rehearing, and brief in support thereof may be presented together under our practice, although the particular points upon which the rehearing is asked, must be stated in the petition. Elliott's Appellate Procedure, section 555; *Fertich* v. *Michener*, 111 Ind. 472.

Among other things, rule thirty-six of this court provides: "Rehearing must be applied for by petition in writing, setting forth the cause for which the judgment is supposed to be erroneous." Section 662, Horner's R. S. 1897, provides that within sixty days after a case has been determined in the Supreme Court, either party may file a petition for a rehearing, etc. Rule thirty-seven of the Supreme Court is identical on the question of a petition for a rehearing as rule thirty-six of this court, and the statute and rule have frequently been construed by that court. It will be observed that both the statute and the rule contemplate the filing of a petition, and

the rule provides that the petition shall set forth the "cause for which the judgment is supposed to be erroneous." A petition for a rehearing is a pleading, under the rules of appellate procedure, and must be so regarded by the courts. *Baltimore, etc., R. W. Co.* v. *Conoyer*, 149 Ind. 524. In this case no distinct or separate petition for a rehearing has been filed, but appellee has contented himself by filing a brief, and asks the court to grant him a rehearing because the court committed an error in reversing the judgment of the lower court.

In his Appellate Procedure, Judge Elliott, sec. 555, says: "The office of a petition for a rehearing is to specifically present points for the consideration of the court. A general statement that the court erred in the conclusions asserted in its opinion is insufficient. The petition should state what conclusions counsel suppose to be erroneous, * * * the particular points must be stated in a petition. General statements will be unavailing, and assertions cannot supply the place of argument and authorities." In *Goodwin* v. *Goodwin*, 48 Ind. 584, the court said: "The office of a petition for a rehearing is not to request the court generally to re-examine the questions in the record, or all the questions decided against the party filing it, but it is to point out particularly the errors the court is supposed to have committed in the decision which it has made." See, also, *Western Union Telegraph Co.* v. *Hamilton*, 50 Ind. 181; *Ferlich* v. *Michener*, 111 Ind. 472. In *Baltimore, etc., R. W. Co.* v. *Conoyer, supra*, the court said: "A petition for a rehearing, under the rules of appellate procedure, is a pleading, and not a mere argument or brief, as is the paper in this case which is denominated a petition."

In *Reed* v. *Kalfsbeck*, 147 Ind. 148, the court said: "Appellees have filed a motion to reject what purports

to be a petition for a rehearing filed by the appellant in this cause, for the reason that it fails to conform to rule thirty-seven of this court, in not setting forth the cause for which the judgment of reversal is supposed to be erroneous. The petition in question is nothing more than an argument, in support of the original contention of the appellant and does not state any particular cause or errors by reason of which the decision of the court, as heretofore announced, is supposed to be erroneous. It is the office of a petition for a rehearing to state or point out wherein the court erred in the result reached upon the original hearing. The requirement of rule thirty-seven conforms to good practice, and should be strictly enforced. See *Goodwin* v. *Goodwin*, 48 Ind. 584; *Western Union Telegraph Co.* v. *Hamilton*, 50 Ind. 181; *Fertich* v. *Michener*, 111 Ind. 472, 486; Elliott App. Proc., sections 555, 893. Parties and their counsel, in appeals to this court, are bound to keep in mind the rules which control the procedure therein, and are required to yield obedience and conform thereto. *Harness* v. *State*, 143 Ind. 420." In *Finley* v. *Cathcart*, 149 Ind. 470, it was said: "A petition for a rehearing, in this court, is a pleading, and should not be an argument, and in order that it may conform to the rule of appellate practice, as it seems to be settled by repeated adjudications of this court, it must state specifically the errors which the petitioner considers the court committed in the result reached in the former hearing, and general statements, or assertions, that the decision is erroneous, will not suffice. An applicant for a rehearing should include in his petition all the grounds upon which he bases his claim for a rehearing, and those not included therein, will be deemed by the court to have been waived, and will not be considered. The

alleged petition herein, for the reasons which we have stated, does not comply with the rule as required, and consequently presents no question for review."

Under the uniform decisions and rule thirty-six of this court, the paper filed by appellee in this cause, and designated by indorsement on the back "Appellee's motion and brief for a rehearing," does not present any question for review, for the reason that it does not specify the particular causes, or any particular cause, on account of which the opinion heretofore announced is supposed to be erroneous. It is therefore overruled.