## MARTZ v FLORAL PRODUCTS CO

Ohio Appeals, 2nd Dist, Montgomery Co

No 1245. Decided March 27, 1934

D. H. Wysong, Dayton, for plaintiff in error.

Matthews & Matthews, Dayton, for defendant in error.

## OPINION

By HORNBECK, PJ.

Insofar as pertinent to our inquiry the jury, by way of answer to interrogatories, made the following findings of fact as a part of its special verdict; that the place where the accident occurred was not in the business district of the city; that the plaintiff immediately prior to the time of the collision was riding the bicycle from the south in a northerly direction out of an alley intersecting East Fifth Street between Irwin and Harbine Streets, across East Fifth Street; that there was no other traffic on East Fifth Street between Irwin and Harbine Streets; that the driver saw the plaintiff 150 feet west of the west line of the alley out of which plaintiff was riding; that the defendant sounded no warning; that he was driving his truck 40 miles per hour at the time of the collision; that he exceeded the speed limit and drove on the wrong side of the street; that the cause of the accident was the excessive speed, driving on the wrong side of the street and failing to warn the plaintiff.

Respecting the charges of negligence against the plaintiff the jury found (11) that she was on the south side of the south sidewalk on East Fifth Street when she first saw the truck; (13) that it was then at the west side of Irwin Street; that she came to a stop before she left the alley; (14) that she had the bicycle under control; (15) that she stopped and looked for traffic before entering East Fifth Street (16) and again looked for traffic after she had entered Fifth Street; (18) that the accident occurred near the center of East Fifth Street on a line north of the west line of the alley; (19) that plaintiff turned her bicycle to the left after entering Fifth Street; (23) that she was injured to the extent of $5,000.00.

To the inquiry (17) "What part of the truck was the point of collision?" the answer was: "The point near front of right fender."

The court sustained the motion of defendant for judgment upon the theory that the necessary inference to be drawn from the answer to the last question quoted No. 17 in conjunction with answers to Nos. 13, 14, 15 and 16 required the finding that the plaintiff was contributorily negligent in that, being able to control her bicycle, she drove into the side of the moving truck.

Plaintiff, in an extended brief, insists that the court erred in drawing the inference that plaintiff was contributorily negligent and erred in not submitting interrogatories

to the jury, which would have elicited the specific information whether or not plaintiff was contributorily negligent.

It is the theory of the defense that the questions or others of like character suggested by the plaintiff would have been improper because they required the jury to determine questions of law instead of propositions of fact.

Plaintiff's counsel asserts that queries should have been propounded to the jury which would have required a determination of three facts, namely:

(1) Did the bicycle strike the truck as defendant claims or did the truck strike the bicycle as plaintiff claims?

(2) With reference to the north and south curbs, on what part of East Fifth Street was defendant's truck being driven at the very moment of the collision?

(3) Would an ordinarily prudent female person of the age of sixteen (16) years and similarly situated as this plaintiff have attempted to enter upon and go across East Fifth Street on a bicycle, taking into consideration her knowledge of the approach of defendant's truck from the west, its apparent speed from her point of view, traffic approaching from the west and taking into consideration the distance between her and the truck at the moment she attempted to enter East Fifth Street and attempted to cross it.

In several Supreme Court cases consideration is given to special verdicts and the question whether or not the jury makes determination of negligence, contributory negligence and proximate cause is briefly considered. This has concerned us and evidently disturbed the trial court and counsel and an effort was made to avoid any suggestion relative to these subjects in the interrogatories.

As we view it a special verdict takes away none of the prerogatives of a jury. The jury must either by express finding of facts or facts from which inferences necessarily must be drawn, determine all three of the foregoing elements, viz., negligence, contributory negligence and proximate cause, when they are at issue in the cause. To support a judgment for plaintiff of contributory negligence as an issue in the case, it must appear from the special findings of fact that the defendant was negligent in one or more of the particulars averred in the petition and that such negligence was a proximate cause of plaintiff's injures. It must also further appear that the plaintiff was not negligent or, if

negligent, that her negligence was not a proximate cause of her injuries. Probably the questions should not be propounded to the jury wherein the express finding is required that defendant is negligent or plaintiff is contrbutorily negligent but such information must be forthcoming by some finding of fact.

The case which the court and counsel undertook to follow is **Dowd-Feder Company v Schreyer, 124 Oh St, 504.** There is an extended discussion of special verdicts in the opinion in this case and at page 515, Judge Matthias said:

"Where a general verdict is sought, the court instructs the jury on the law of negligence, and directs the jury, in arriving at their verdict, to apply those instructions to the facts found by them, but when a special verdict is to be returned the law is pronounced by the court upon the facts found by the jury. A finding by the jury that a certain act of the defendant constituted negligence, and that it proximately caused the injury, would be tantamount to a general verdict and conclusive of the case. A finding that one party was negligent and the other was not would be a mere conclusion of law, and that clearly is not within the province of the jury to determine in a special verdict."

"Where a special verdict is to be return by the jury no instructions are proper except such as are necessary to inform the jury as to the issue made by the pleadings, the rules for weighing and considering the evidence, and direction as to the burden of proof, and such further instructions necessary to enable the jury clearly to understand their duties concerning such special verdict. It is not necessary or proper to give general instructions as to the law of the case. Udell v Citizens St. Rd. Co., 152 Ind., 507, 52 NE, 799, 71 Am. St. Rep., 336."

In the **Cleveland & S. W. Traction Co. v Garnett, 18 O.C.C. (N.S.) 215,** the court in the 2nd syllabus said:

"When the court in his charge to the jury in an employer's liability case defines negligence as the want of ordinary care, it is not improper to submit to the jury interrogatories to be answered by it which require it to state whether or not the plaintiff, as well as the defendant, were negligent."

See opinion at page 220-221. This case was affirmed without opinion in **C. & S. W. Traction Co. v Garnett, 81 Oh St, 483.**

In **Noseda v Delmul, 123 Oh St, 652,** Judge Allen states with approval, page 651:

"Thus in numerous Indiana cases the court has held that a finding of negligence in a special verdict constituted a conclusion of law, * * *." Citing Connor v Citizens Street Ry. Co., 105 Ind., 62, 4 NE, 441; Terre Haute & Indianapolis Rd. Co. v Brunker, 128 Ind., 542, 26 NE, 178.

But at page 652 it is said:
"But special verdict then states that the driver of the automobile was driving at a reasonable rate of speed. While this is a qualified statement, it is a statement of fact."

If the answer had read "driving at a rate of speed reasonable and proper," it would have been in the language of §12603 GC, which section is involved in this case.
And also at page 652 of the opinion:

"The special verdict then states that the driver of the automobile was unable to divert the course of the automobile after it suddenly began to skid. This is a finding of fact."

In the Brunker case, supra, the court said that the words "without any fault in his (plaintiff's) part" may be properly stated in the verdict.
The Connor case, supra, strongly supports the statement of Judge Allen that a finding of negligence is a conclusion of law.
The proposition is simple in some situations. For instance if it is a violaton of statute to drive more than thirty miles per hour an answer disclosing that defendant drove 35 miles per hour would compel the conclusion of law that he was negligent. But what about proximate cause?
In **Wills v Anchor Cartage & Storage Company, 38 Oh Ap, 358,** it is said in the 3rd syllabus:

"Negligence and proximate cause must be left to jury, and judge cannot instruct that certain facts amount to negligence or proximate cause."

And the 8th syllabus:
"Failure of special verdict to find whether operators of stalled motor trucks were negligent in not placing warning lights at crest of hill, and whether such negligence proximately caused collision, rendered special verdict insufficient."

And Judge Levine, speaking for the court at page 376 says:
"This special verdict must include all the issues which the case presents, before the trial judge is empowered to render judgment upon it. The omission to find as to whether the conduct of the defendants amounted to negligence, and likewise the omission to find that such negligence was the proximate cause of the injury, rendered the special verdict found in this case almost useless for the purpose which it intended to accomplish."

And on page 378:
"In order to render judgment in this case, the trial judge would be required to usurp the function of the jury on two important questions: (a) The question of negligence; (b) the question of proximate cause of the injuries."

The annotator in the notes to State v Hanner (N.C.), 24 L.R.A. (N.S.) page 32 says:
"When, however, under the facts disclosed by a special verdict, the question is presented either as to the negligence of the defendant, or as to whether the plaintiff was without fault, and two inferences may reasonably be drawn as to either of such ultimate facts, the determination thereof is within the province of the jury. (Citing Cleveland, C. C. & St. L. R. Co. v Moneyhun, (Ind.) 44 NE 1106; City of Bloomington v Rogers (Ind. App.) 41 NE 395)."

In the later case the court at page 395 says:
"The finding in a special verdict, that an injured party, at the time of receiving the injury, was in the exercise of due care, is in many cases such a conclusion as should be disregarded; but, where two inferences may be reasonably drawn from the facts and circumstances descriptive of the acts and conduct of the injured party at the time of receiving the injury, then, under the authorities cited, it becomes a question for the jury to determine, whether the injured party did or did not exercise ordinary care under the circumstances surrounding her when she was injured. The facts descriptive of appellee's conduct on this occasion are not fully and clearly found in the special verdict. If it appeared in the special verdict, in addition to the facts therein found (with other facts) descriptive of her conduct, on the facts and circumstances so found, the jury should draw and find the inference that she was using due care and caution on her part when

she was injured, the verdict would perhaps be sufficient, under the rule enunciated in the cases hereinbefore cited."

These cases seem to present situations analogous to the instant case.

Certain facts incident to the claims of negligence asserted in the answer, except only as to the violation of the statute, are developed by the answers in the special verdict. But, it is not sufficient to know what the plaintiff did at and prior to the time of her injury. There must be a further determination that she did or did not act with due care.

This question clearly is for a jury in returning a general verdict and we observe no purpose in the statute relating to special verdicts to take this prerogative away. Thus, it was necessary for the jury to make a further finding of fact, or, if it be a mixed question of fact and law, then such finding thereon as would make definite determination whether or not the plaintiff was chargeable with contributory negligence. This question does not have to be proposed to the jury in terms of negligence. It may be and probably should be in terms of fact, which would be elicited query No. 3 as proposed by counsel for plaintiff. Queries Nos. 1 and 2 were not proper.

"The facts not found which are necessary to support the judgment cannot be assumed to exist or inferred by the court from the evidence submitted, or from other facts found." Kelchner v Nanticoke (Pa.) 58 Atl., 851; Hall v Ratliff (Va.) 24 SE, 1011.

"A finding that defendant's negligence was the proximate cause of the injury is essential to a recovery, unless the fact appears by necessary implication from the facts found or from undisputed evidence; and if asked to do so the court must submit that question to the jury." Maitland v Gilbert Paper Co. (Wis.) 72 NW 1124; Groth v Thomann (Wis.) 86 NW, 178.

"It is error in an action for damages for personal injuries not to submit in the special verdict in some form upon request a question as to whether the defendant's negligence if any was the proximate cause of the injury." Klatt v N. C. Foster Lumber Co. (Wis.) 66 NW, 791; Hallum v Village of Omro (Wis.) 99 NW, 1051.

In Deisenrieter v Kraus-Merkel Malting Co. (Wis.) 66 NW, 112, at page 114:

"Among the questions which he (the defendant) asked to have submitted were these, in substance: Whether the defendant was negligent in permitting the fumes of burning sulphur and salt to come into that part of the room where the plaintiff was at work. What was the proximate cause of the plaintiff's injury? These questions were pertinent to the issue. Perhaps they were not sufficiently full or definite. But, in some form, the questions suggested by them should have been submitted to the jury."

In Rowley v Chicago M. & St. P. Ry. Co. (Wis.) 115 NW, 865, it was held, in substance, that it would have been proper for the court to submit to the jury questions: Did the defendant's employees leave truck in reasonably safe position? If not, was their failure to do so a lack of ordinary care, which proximately caused the plaintiff's injury?

"A special verdict which failed to answer the question as to what was the proximate cause of the injury to the plaintiff was held fatally defective." Davis v Chicago M. & St. P. Ry. Co. (Wis.) 67 NW, 16; 33 L.R.A., 654.

"In an action for damages from a fire set by a railroad company, the special verdict must show that the injury sustained by the one claiming damages was without his fault or negligence, and what, if anything, he did to prevent the injury." Louisville, N. A. & C. Ry. Co. v Carmon (Ind.) 48 NE 1047.

"So a special verdict must establish the plaintiff's freedom from contributory negligence, as well as defendant's negligence, before there can be a recovery."

Louisville N. A. & C. Ry. Co. v Roberts, 18 Ind. App., 538; 47 NE, 839. B. & O. S. W. Ry. Co. v Does, 20 Ind. App., 680; 51 NE, 368. Louisville N. A. & C. Ry. Co. v Carmon, 20 Ind. App., 471-479; 48 NE, 1049; 50 NE, 893. Wabash R. Co. v Miller, 18 Ind. App., 549; 48 NE, 663. C. C. C. & St. L. Ry Co. v Hadley, 12 Ind. App., 516; 40 NE, 760.

Where there is any evidence tending to show that the plaintiff was guilty of any negligence which contributed approximately to the injury of which he complained the omission of the jury to determine such issue is fatal to the judgment. McNarra v Chicago & N. W. R. Co., 41 Wis., 69.

27 R.C.L. considering the question says: "A special verdict should find the facts

of the case essential to a recovery, and not conclusions of law, which are exclusively for the court. But if the ultimate facts in a case are such that reasonable men of equal intelligence may honestly and rationally differ as to the inferences and conclusions to be drawn from such facts, it is for the jury to determine, in a special verdict, what the inferences are. Such an inference or conclusion is itself a fact and not a conclusion of law. * * * Negligence being usually a mixed question of law and fact, a special verdict in a negligence case should deal only with the facts; in such cases when the principal or ultimate facts are determined by the jury it then becomes the function of the court to decide as a question of law, on the facts found, whether or not the party to whom negligence was imputed was negligent. When, however, different inferences as to the negligence of either party may reasonably be drawn, the determination thereof is within the province of the jury. So where there is a conflict of evidence as to the proximate cause of death it becomes a question of fact for the jury and a finding fixing the cause justifies a judgment thereon."

The cases cited generally support the text.

An examination of the whole subject matter in Ohio is convincing that determination of the specific course that a trial court shall pursue is nebulous.

Neither the writer of this opinion nor the concurring member, in many years of experience on the trial bench, was required to submit a special verdict to a jury. It is one thing for a reviewing court to announce abstract propositions of law touching special verdicts. It evidently is another and much more difficult proposition for a trial judge to apply these principles in a practical way to concrete issues. The trial judge in this case had a difficult undertaking. The interrogatories disclose careful and painstaking preparation. Frankly, it is the judgment of the writer of this opinion that it is next to impossible for a trial judge, in collaboration with counsel, to prepare interrogatories in connection with a special verdict in a negligence case in such a manner as that they will meet the requirements of the Ohio cases. The second syllabus of the Noseda case, supra, says in part:

"When certain of the issues are not determined they are to be regarded as not proved by the party who has the burden of proof in those issues."

But how will a trial court charge on the burden of proof in contributory negligence if nothing but ultimate facts are to be elicited by answers to interrogatories? How will the trial judge exhaust the specific situations wherein contributory negligence may be found against the plaintiff? In this case the defendant simplified the defense by setting up the particulars wherein negligence of the plaintiff was claimed.

By the law of Ohio as it now stands contributory negligence does not have to be plead. If contributory negligence is in the case the trial judge must charge it and a failure to so charge is error. On the other hand, if it is not in the case and the court charges it, it is error. And yet, defendant is not required to put the court or opposing party on notice that contributory negligence will be an issue. The extent to which contributory negligence may be asserted is unlimited. How, then, will this situation be taken care of by special verdict, by specific findings of fact?

It is singular that there are few Supreme Court decisions wherein a special verdict in a negligence case in its entirety has been approved. The Dowd-Feder verdict was criticized by a member of the court because it was too long; another thought enough had not been said and the majority opinion criticized but supported it.

It is unfortunate that sufficient facts cannot be elicited from a jury in a comparatively simple way to enable the trial court to enter the proper judgment.

We have discussed this subject at considerable length and having done so willingly concede that we are uncertain as to what form interrogatories should take in a special verdict. The net result of special verdicts, insofar as they have been employed in Ohio has been to impede instead of to aid the disposition of law suits.

We trust that this or some other case may go to the Supreme Court and that we may have a definite, distinct, practical plan set forth by that tribunal, which will enable courts and counsel to act with some assurance in the field of special verdicts.

An examination of the record in this cause is convincing that the judgment of the trial court was proper, though it is doubtful, if the inferences drawn against the plaintiff were proper under the answers to the interrogatories. That is to say, the answers to the interrogatories in themselves would not require the inference to be drawn that the plaintiff was contributorily negligent. But notwithstanding the answers to the interrogatories, if from the record there projects proof which is con-

124

vincing that substantial justice was done by the judgment rendered, then this court should not require the formality of another trial.

It fairly appears that the plaintiff, whose testimony we are satisfied was truthful insasfar as she could analyze the situation with which she was confronted at and immediately prior to the collision, was not an experienced bicyclist. She had never owned a bicycle and had ridden one infrequently. The bicycle which she borrowed had a coaster brake. She did not know what a coaster brake was although she said she knew how to stop the bicycle. Her illustration of how that could be accomplished was incorrect. She said that to stop you held the pedals stationary up and down. This, as anyone familiar with the coaster brake knows, would merely permit the wheels to move freely. She did not deny the statement of one of the boys who was present when she borrowed the bicycle to the effect that she was only to ride up Irwin Street and turn around and return; that she attempted to turn at Irwin Street and was unable to do so and thereupon went into another street and thence to the alley. This indicates that she did not have control of the bicycle.

All the witnesses who testified for the plaintiff, who expressed any opinion as to the speed of the truck, said that it was not moving fast, the highest speed at which any suggested it was traveling was 35 miles per hour. The jury in an answer to an interrogatory fixed the speed of the truck at 40 miles per hour. We do not believe there is any theory upon which this answer to the interrogatory can be supported by the evidence. It is true that some indication of the momentum at which a vehicle is moving may be had by physical factors incident to a collision, but here the mere fact that the truck and bicyclist came together and there was a very loud coincidental crash, indented fenders and broken windshield, together with skid marks of 20 feet would not alone permit the jury to arbitrarily add five miles per hour to the maximum speed fixed by any witness. §12603 GC makes a rate of speed of 35 miles per hour in the section of the city other than the closely built up portion thereof prima facie lawful. But if there were a rate of speed of 40 miles per hour that is only prima facie unlawful. The gist of the statute is a rate of speed that is faster or slower than is reasonable and proper. This question of fact was not determined by the jury. Several witnesses for the plaintiff and all who expressed themselves

on the subject, said that they knew the collision was to occur and the substance of their statements in connection with the physical facts disclose that the plaintiff ran into the truck. From this record the only testimony directly on the subject establishing the position of the truck at the time when the plaintiff came on to Fifth Street with the bicycle is from Mrs. Archer, one of the plaintiff's witnesses, and defendant's driver. Mrs. Archer says that the truck was about at the middle house between Irwin Street and the alley which would make the distance of the truck about 75 feet away. The defendant's driver fixes the distance at from 15 to 20 feet. The jury's finding indicates and the record is convincing that plaintiff had not got over into her lane of travel when the collision occurred.

There is no reasonable ground for difference of opinion as to the action of the truck driver at the time when it seemed imminent that a collision might occur. He attempted to avoid striking the bicycle by veering the course of the truck to the left and thus was drawn further over toward the north side of the street, though he was at all times partly in the north lane.

The court properly determined, in view of the answers to the interrogatories that the failure of defendant's driver to sound a warning could not have been a proximate cause of plaintiff's injury. This being true, there is left but the one specification of negligence, namely, that the defendant's driver was moving at a high and dangerous rate of speed at and immediately prior to the collision. This, in our judgment, is not proved on the record.

Notwithstanding the nice questions of procedure presented by the special verdict, we are satisfied that substantial justice has been done in this case and it is, indeed, a very nice question if reasonable minds can differ in determining that the plaintiff has no right to recover a judgment.

Judgment affirmed.

BARNES, J, concurs.