**SPARKS, Plaintiff-Appellant, v. SIMS, Defendant-Appellee.**

Ohio Appeals, Second District, Franklin County.

No. 4279.   Decided October 27, 1949.

Draper, Lombardo & Morgan, Russ Bothwell, Columbus, for plaintiff-appellant.

Benoy & Sebastian, Columbus, for defendant-appellee.

### OPINION

By MILLER, PJ.

This is a law appeal from a judgment of the Common Pleas Court rendered upon a special verdict by the jury. The action was one for damages arising out of a collision between an automobile and a pedestrian. The answer admits the occurrence of the accident, denies generally all allegations of negligence and further sets up the defense of contributory negligence. An examination of the record discloses that the issue of contributory negligence was definitely in the case; that the conduct of the defendant was such that would warrant the jury in finding that the defendant failed to exercise ordinary care.

The plaintiff requested a special verdict, submitting two forms: one was in the question and answer form, which was given; the other was refused, the same being as follows:

"Write out your own narrative form as to the happening of this accident and what the parties did or failed to do to cause the accident.

Write down the amount of money that would fully compensate plaintiff for his injuries including loss of wages and medical expenses and pain and suffering. $————."

The refusal of the court to submit this special verdict to the jury is one of the alleged errors.

The following question and answer form was requested by the plaintiff and submitted to the jury:

"Was the plaintiff, Mr. Sparks, standing in Simpson Lane at the time he was struck? ————

Did defendant continue to back onto Simpson Lane while his view of where plaintiff, Mr. Sparks, was standing was obscured? ————

Did defendant give a clearly audible signal at the time, or immediately before he backed his car into Simpson Lane and against plaintiff? ————

Did Mr. Sparks sustain injury to his knee when struck by defendant's automobile? ————

What amount of money did Mr. Sparks incur for doctor bills and treatment for said injuries? ————

How much time did Mr. Sparks lose from his work by reason of said injuries to date? ————

Did Mr. Sparks exercise ordinary care for his own safety? ————

By reason of said injuries was he disabled from doing his manual labor required by him on his job? ————

Do you find that Mr. Sparks will suffer any pain in the future? ————

Did Mr. Sparks suffer any pain shortly after the accident? ————

Bearing in mind the elements of damage which you find above, what sum of money would fully and adequately compensate him therefor? ————

Signed by nine or more of your number."

The defendant requested the following form of verdict, which was submitted and which the plaintiff claims was erroneous:

"We, the undersigned, nine or more of the jury in the above entitled cause do find as follows:

On June 3, 1947, at approximately 3:35 P. M., an automobile of the defendant, Charles Sims, was parked on a parking lot immediately north of Simpson Lane. The automobile was headed in an easterly direction against a barricade. At the said time, the defendant, Charles Sims, entered the automobile, started the engine, sounded the horn, looked to his rear, slowly backed the automobile from the parking space in a southwesterly direction, and stopped while still on said parking lot. The defendant remained so stopped until automobiles proceeding easterly on Simpson Lane had passed. The defendant then looked in his rear vision mirror and saw no one to his rear. Defendant then looked to his rear from his left hand window, saw no one, and while so looking operated the automobile slowly in a southwesterly direction into the north half of Simpson Lane. While so proceeding, the rear of the automobile came in contact with the outside of the left knee of the plaintiff. The defendant immediately stopped the automobile.

The plaintiff, L. J. Sparks, had been walking in an easterly direction on the north half of Simpson Lane, came to a stop on the north half thereof, and stood facing in a southerly direction. While plaintiff was so standing, the automobile driven by the defendant, came in contact with the plaintiff's left knee. The plaintiff failed to exercise ordinary care for his own safety. The conduct of the plaintiff constituted negligence which proximately caused or contributed to the accident, and any injuries the plaintiff received as a result thereof.

If, upon these facts, the plaintiff is entitled to recover, we do find that the plaintiff has been damaged in the sum of $————."

The jury was instructed by the court that it need not use any of the special forms submitted, but that it might write its own, if it so desired. That is what it did, returning the following special verdict in its own words, as follows:

"We, the undersigned, believe the plaintiff failed to exercise ordinary care for his own safety. The conduct of the plaintiff constituted negligence which proximately caused or contributed to the accident and any injuries the plaintiff received as a result thereof were due to his own negligence."

The appellant is objecting to the special verdict submitted

by the defendant and also to the verdict returned, for the reason that they contained conclusions not stating whether factual or legal. The office of a special verdict is to determine such facts embraced within the issues as give rise to legal conclusions. Sec. 11420-14 GC defines it as:

"A special verdict is one by which the jury finds facts only as established by the evidence; and it must so present such facts, but not the evidence to prove them, that nothing remains for the court but to draw from the facts found, conclusions of law."

The special verdict submitted by the defendant called only for facts which were in issue and the same was properly submitted. The failure to submit plaintiff's requested special verdict seeking a return in the narrative form could not be the basis for error proceedings, as that is what the jury did. It may be in the narrative form. **Dowd-Feder Co. v. Schreyer, 124 Oh St 504.** No particular form of request is necessary in order to require a trial court to direct the jury to return a special verdict. It is sufficient for counsel to demand that a special verdict shall be rendered.

It is stated in **39 O. Jur. at page 1134:**

"* * *; in fact, the narrative form of verdict may be usefully employed, perhaps, if a single issue is before the jury, but the better form or method, and the better practice, especially when complex issues are present, is for each material issue to be covered singly and independently by a question admitting of an answer in the affirmative or negative, and an answer thereto, each question calling for a finding of a single ultimate fact."

The jury by their return found two ultimate questions of fact, namely, that the plaintiff failed to exercise ordinary care for his own safety, and that his conduct proximately caused and contributed to the accident. If the facts relating to the plaintiff's conduct were in dispute it probably would have been necessary for the jury to have gone further and found the specific facts which support its conclusions. But this was not necessary, as the conduct of the plaintiff was not in dispute. The plaintiff himself testified as to his position in the street, the length of time he stood there talking with another person, and the direction in which he was looking. Neither the defendant nor any of his witnesses observed the plaintiff prior to the accident; so they could not refute this testimony. Material facts, not denied, must

be found to be true. The office of a special verdict is to determine facts in issue and not admitted facts. We are of the opinion that the special verdict is sufficient to sustain the judgment for the defendant. The question of the exercise of ordinary care and proximate cause are questions peculiarly within the exclusive province of the jury. The jury's statement that "the conduct of the plaintiff constituted negligence" may be said to be a conclusion of law. However, these words can be deleted from the verdict without removing any of its potency. The jury's finding that the plaintiff failed to exercise ordinary care for his own safety necessarily requires the court to find as a matter of law that he was negligent. It is not reversible error for the court to disregard legal conclusions and to enter the verdict justified by the finding of fact. **Noseda v. Delmul, 123 Oh St 647.**

We are of the opinion that the special verdict fulfills the requirements of §11420-14 GC, and that no prejudicial error is to be found in the record.

The judgment is affirmed.

HORNBECK and WISEMAN, JJ, concur.