342

**HITE, Plaintiff-Appellee, v. ANDREWS et,
Defendants-Appellants.**

Ohio Appeals, Second District, Franklin County.

No. 4780.   Decided October 29, 1952.

344

Hamilton & Kramer, Columbus, for plaintiff-appellee.
Wiles & Doucher, Columbus, for defendants-appellants.

## OPINION

By WISEMAN, J.

This is an appeal on questions of law from a judgment rendered by the Common Pleas Court of Franklin County in favor of the plaintiff on a special verdict of a jury.

Plaintiff in her petition alleges that while she was driving in a southerly direction on North High Street. Columbus, Ohio, in the line of travel for southbound traffic nearest the center line of the street two automobiles ahead of her, in the same lane of traffic and traveling in a southerly direction, came to a stop, when the automobile first in line signaled for a left turn, whereupon plaintiff brought her automobile to a stop; that a few minutes thereafter an automobile owned and operated by the defendants, Inez E. Andrews and Victor Andrews, crashed into the rear of plaintiff's standing automobile driving it forward against the automobile immediately ahead in the line of traffic; that the force of the impact caused injuries to the plaintiff. Plaintiff, also, charged the defendants with six specifications of negligence.

The defendants filed separate answers. Inez E. Andrews alleges in her answer that she was operating a motor vehicle in a southerly direction in Columbus, Ohio, at said time and place and came in contact with a motor vehicle operated by the plaintiff; and further answering denies each and every other allegation in said petition contained.

Victor Andrews in his amended answer alleges that on said date his motor vehicle was being operated in a southerly direction on North High Street and that a collision occurred; and further answering denies each and every other allegation in said petition contained.

The matter was tried to a jury. At the close of plaintiff's case and, also, at the close of all the evidence, the defendants interposed separate motions for a directed verdict, which were overruled.

At the close of all the evidence and after the motions for directed verdict were overruled, the plaintiff on her own motion dismissed Inez E. Andrews as a party-defendant, and the cause proceeded against Victor Andrews. Upon request of the defendant, the jury was directed to render a special verdict on all the issues in the case.

The first four errors assigned are directed to the action of the Court in overruling the motions for a directed verdict. Inez E. Andrews, having been dismissed as a party-defendant, did not appeal and, therefore, we may disregard any action of the Court with respect to her. Error cannot be predicated on the action of the Court in overruling the motion for a directed verdict interposed by Victor Andrews at the close of plaintiff's case, since Victor Andrews elected to make defense. **Vol. 2 O. Jur., Part 2, Page 1590, Sec. 836.** We consider whether the Court committed prejudicial error in overruling the motion of Victor Andrews for a directed verdict interposed at the close of all the evidence.

The plaintiff in her petition charged a joint operation of defendant's automobile. The evidence at the close of plaintiff's case and at the close of the entire case, shows that Victor Andrews was the owner and Inez E. Andrews was the driver of the automobile which collided with plaintiff's automobile. The evidence shows that Victor Andrews and Inez E. Andrews were husband and wife, and that Inez E. Andrews, upon the request of the husband made on the previous day, was on her way to the railroad station to meet her husband and to drive him to their residence. On the theory of a joint enterprise, the plaintiff failed to make out a case. Victor Andrews not being the driver of the automobile, could only be held liable under the doctrine of respondeat superior. Agency was not made an issue by the pleadings. However, the issue was raised by the evidence. The entire case was presented to the jury upon this theory. Perhaps, the plaintiff at the time Inez E. Andrews was dismissed as party-defendant should have moved for leave to amend the petition to conform to the proof. See **Vol. 31 O. Jur., Page 946.** Undoubtedly, the Court in the exercise of a sound discretion and in furtherance of justice would have permitted such amendment, as it does not appear that the defendant was taken by surprise or was in any manner misled. **Sec. 11363 GC.** The finding of the jury on the issue of agency was as follows:

"* * * Inez Andrews, who was driving her husband's car with

his permission and at his request on the way to pick him up at the Union Station in Columbus, Ohio."

In our opinion this finding was sufficient to fix the liability of the defendant, Victor Andrews, for the acts of Inez E. Andrews.

Both in oral argument and in the briefs, counsel have discussed whether the plaintiff should have been required to elect against which defendant she would proceed, or whether the defendant had waived the matter by failing to object by demurrer or answer. As we view it, these questions are not determinative of the issues presented and, therefore, are not discussed.

After the special verdict was rendered both plaintiff and defendant moved for judgment. The motion of the defendant was overruled and the motion of the plaintiff was sustained. The action of the Court in sustaining the motion of the plaintiff and rendering judgment in her favor is assigned as error. The contention of the appellant is that the jury failed to find on two material issues, to wit: the defendant's negligence and the proximate cause of the collision. The point is made that when the jury fails to find on a material issue, it is regarded as not proved by the party on whom the burden of proof rests. **Masters v. The New York Central Railroad Company, 147 Oh St 293; Noseda v. Delmul, 123 Oh St 647.** The pertinent part of the special verdict bearing on this question is as follows:

"On October 2, 1949, Betty Hite was driving her car south on North High Street in Columbus, Ohio. When she got to the intersection of Olentangy Street and High Street, she stopped behind two cars which had also stopped, as the front car was making a left hand turn. These three cars were all in the lane of traffic next to the center of the street. **Several seconds after Betty Hite had given an arm signal and brought her car to a stop, her car was struck in the rear by a car also going south on North High Street, driven by Inez Andrews, who was driving her husband's car with his permission and at his request on the way to pick him up at Union Station in Columbus, Ohio."** (Emphasis ours.)

It is pointed out by appellant that the special verdict is defective and incomplete and that the jury failed to find facts showing that the defendant was guilty of negligence or that such negligence was the proximate cause of the collision. However, the appellee contends that by the undisputed evidence the driver of defendant's automobile was guilty of negligence and that the issue of fact involving the negligence of the defendant was resolved by the Court in favor of the plaintiff as a matter of law.

In one of the specifications of negligence the plaintiff charged the defendant with the failure to stop within the "assured clear distance ahead." The driver of the defendant's automobile testified that she did not see the plaintiff's automobile until after she struck it, and did not apply the brakes on the automobile she was driving until after the collision. She also testified that she gave no signal and did not swerve her automobile to avoid the collision. This evidence was undisputed and it was sufficient to warrant a finding by the trial court that the defendant was guilty of negligence as a matter of law. Furthermore, this undisputed evidence warranted a finding by the trial court that as a matter of law the negligence of the defendant was the proximate cause of the collision. The point is made by counsel for appellee that these two issues were withdrawn from the consideration of the jury.

Appellant contends that in testing the sufficiency of a special verdict, the Court may not look beyond the pleadings and the special verdict. The general rule is that the special verdict must be complete and consistent in itself, and resort cannot be had to the testimony, even though uncontradicted, for facts wherewith to supplement it. **Dowd-Feder Company v. Schreyer, 124 Oh St 504, 512; Penn. Rd. Co. v. Vitti, Admr., 111 Oh St 670, 678; Gendler v. The Cleveland Railway Co., 18 Oh Ap 48, 50; Globe Indemnity Co. v. Schmitt, 77 Oh Ap 413, 417; Vol. 39 O. Jur., Page 1145, Sec. 414.** We are of the opinion that the general rule has no application here. While the record does not contain a specific finding by the trial court to the effect that it had resolved the issue of fact involving the negligence of the defendant in favor of the plaintiff as a matter of law, nevertheless, the record and the action of the trial court, acquiesced in by counsel for both parties. is susceptible of no other conclusion. An issue of fact that was not submitted or asked to be submitted to the jury when they rendered a special verdict will be considered as having been resolved in favor of the judgment rendered. Devine v. United States Mortgage Company, 48 S. W. 585 (Tex. Civ. App.) Vol. 24, L. R. A. N. S. 36. The issue of negligence was as effectually withdrawn from the consideration of the jury as if the defendant had admitted negligence in the answer. When resolved by the trial court as a matter of law, this issue of fact was no longer in the case.

Courts in other jurisdictions have held that undisputed facts need not be found in a special verdict; that no finding is necessary on facts which require a legal conclusion Kirby v. American State Bank, 18 S. W. (2d) (Texas) 599; 63 A. L. R. 1528; Murphey v. Weil, 89 Wis. 146; 61 N. W. 315; 76 A. L. R.

1142, 1143; Vol. 53 Am. Jur. Page 748, Sec. 1078. On this question two rules have been applied by the various courts. The strict rule is that the jury must find on all the facts, disputed and undisputed; the more liberal rule, which we approve and apply and which seems to be more in furtherance of justice, is that the special verdict is sufficient if the jury finds on all the essential controverted issues, and is not required to find on facts which, although put in issue by the pleadings, are uncontroverted on the trial, or are established by undisputed evidence and are resolved as a matter of law. Vol. 53 Am Jur. Page 755, Sec. 1088; Vol. 24 L. R. A. N. S. 36, 46.

The same rule is applicable with respect to proximate cause. Obviously, the Court resolved this issue in favor of the plaintiff. In Dowd-Feder Company v. Schreyer, supra, at page 515, the Court intimates that the question of proximate cause is not one for the jury to consider when it renders a special verdict. In Martz v. Floral Products Company, 17 Abs 118, and Sparks v. Sims, 56 Abs 336, this Court held that when the jury renders a special verdict, proximate cause must be determined by the jury or there must be findings of fact from which proximate cause must necessarily be inferred as a matter of law. If we were to hold that proximate cause is not to be determined by the jury, then the trial court acted properly in resolving the question as a matter of law and withdrawing it from the consideration of the jury. If we follow the recent rulings of this Court, which we are disposed to do until the Supreme Court has given a clear-cut decision on the matter, that proximate cause must be determined by the jury or there must be findings of fact from which proximate cause must necessarily be inferred as a matter of law, we have no difficulty in holding that proximate cause must necessarily be inferred from the findings of fact in the special verdict wherein the jury found that after plaintiff's automobile had been stopped several seconds it was struck in the rear by defendants' automobile. Under either theory, as we view it, the judgment is supported by the record.

The matter just discussed is related to the question raised by the appellant in assignment of error No. 6, to wit: That the Court erred in giving special instructions requested by plaintiff and in the general charge.

We fail to find prejudicial error in giving the special instructions. In the general charge, after reading the pleadings, the Court summarized the issues presented to the jury as follows:

"I charge you, ladies and gentlemen of the jury, that the issues in this case are simple and direct. They are:

"First. Did the plaintiff as the proximate and direct result

of this collision suffer personal injuries? Second. If so, what amount of money would fairly and reasonably compensate her for such injuries so caused?"

In our opinion the trial court correctly stated the issues of fact to be determined by the jury, the other issues of fact having been resolved by the Court as a matter of law. In accord with this premise, counsel for the plaintiff submitted two special verdicts which were in narrative form, one of which was returned by the jury and contained findings of fact on the two issues specifically enumerated by the Court. It may be pointed out that §11420-16 GC provides that the jury may be directed to return a special verdict "upon any or all issues which the case presents." The request was made for a special verdict on all the issues presented. The trial court complied with the requirements of this section and the request of counsel in submitting to the jury the determination of the only issues of fact in the case. The issues of fact resolved by the Court as a matter of law were no longer issues of fact in the case. It follows that the trial court did not commit error in its general charge in stating the issues to be determined by the jury.

Appellant assigns as error the admission of evidence over objection. The defendant produced a witness who testified that he represented an Insurance Company and had paid the plaintiff a claim for damages to her automobile, which grew out of a collision which took place subsequent to the collision which is the basis of this action. In testifying the witness referred to a record of the Insurance Company. On cross-examination counsel for the plaintiff questioned the witness at some length concerning the transaction and over objection of the defendant the record was introduced. The record contained a statement of a conversation between the plaintiff and a representative of the Insurance Company relative to the prior accident, which is the basis of this action, and which included a statement of the plaintiff regarding her personal injuries which she claimed to have sustained. Inasmuch as the defendant's counsel examined the witness concerning the transaction and referred to the record, we are of the opinion that the plaintiff had a right to introduce the record. Counsel for defendant interposed only a general objection to the introduction of the record. The objection was properly overruled. A general objection to the introduction of a record which is admissible for some purpose is properly overruled. The objection should have been directed to that part of the record which contained self-serving declarations and the Court should have been requested to restrict the use of the record for a limited purpose and to so instruct the jury.

350

This was not done. In our opinion prejudicial error was not committed in the admission of the record.

We do not find that the jury was influenced by passion or prejudice in arriving at the amount of damages; neither do we find that the Court committed prejudicial error in overruling defendant's motion for new trial. We find no errors assigned well made.

Judgment affirmed.

HORNBECK, PJ, MILLER, J, concur.

### ON APPLICATION FOR REHEARING

No. 4780.   Decided December 10, 1952.

### OPINION

By THE COURT.

Submitted on application for rehearing. All assignments of error were considered and decided in the original opinion. Nothing is presented in the application which requires additional discussion or consideration.

Application overruled.

HORNBECK, PJ, WISEMAN and MILLER, JJ, concur.